UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN W. OTTO, SR. and
ALMA LEE OTTO,

        Plaintiffs,

v.                                  CASE NO. 8:11-CV-694-T-30MAP

HILLSBOROUGH COUNTY
a political subdivision of the State
of Florida

        Defendant.
_____/

### REPORT AND RECOMMENDATION

This cause is before the Court for consideration of Plaintiffs' motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (docs. 2 & 3).

Under 28 U.S.C. § 1915(a)(1), the court may authorize the filing of a lawsuit by an indigent plaintiff without prepayment of fees. However, even when a plaintiff establishes indigency, the case shall be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous…when it appears the plaintiff has little or no chance of success." (Citations and quotations omitted)). Although the Court holds *pro se* pleadings to a less stringent standard and therefore will construe Plaintiff's complaint liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*), the complaint still must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and quotations omitted).

Upon review of the complaint in this case, it appears Plaintiffs assert a claim under 42 U.S.C. § 1983, alleging Hillsborough County deprived them of their property without due process of law. (Doc. 1 at 13)  Specifically, Plaintiffs complain about Hillsborough County Animal Services' May 2007 and December 2009 seizures of dogs from Plaintiffs' property. They contend they were never given a hearing in 2007.  Additionally, they contend they were denied due process in that they were not permitted to present evidence or call witnesses on their behalf during the 2009 court hearing on the seizure (doc. 1 at 4-5, 9).  Plaintiffs further contend officers from Animal Services and a county attorney perjured themselves at the hearing which was not recorded. (Doc. 1 at 4)

"[P]rocedural due process violations do not become complete unless and until the state refuses to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994) (en banc) (citation and quotations omitted).  "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (citations omitted).  Where "an adequate post-deprivation process is in place under state law, no federal procedural due process claim exists." *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1239 (11th Cir. 2003).  This is the case regardless of whether the plaintiff has attempted to take advantage of the state remedy. *Horton v. Board of Cnty. Comm's of Flagler Cnty.*, 202 F.3d 1297, 1300 (11th Cir. 2000).

Plaintiffs do not contend there was no adequate review available in state court to remedy

2

the procedural violations they allege.  In fact, the state court dockets Plaintiffs attached to their

complaint show that Plaintiffs appealed the 2009 Florida county court decision.  (Doc. 1-4)

Because Plaintiffs do not have a plausible argument that the Florida state courts fail to provide

adequate review, I conclude Plaintiffs complaint is frivolous and should be dismissed.

Based on the foregoing, it is hereby

RECOMMENDED:

1.  Plaintiffs' motions for leave to proceed in forma pauperis (docs. 2 & 3) be DENIED.

IT IS SO REPORTED at Tampa, Florida on June 8, 2011.

_Mark a. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc:     Hon. James S. Moody, Jr.
        Plaintiffs (*pro se*)